**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Ronald R. Ernst,** **Civil No. 01-1765 (DSD/SRN)**

**Plaintiff,**

**v.**

**REPORT AND RECOMMENDATION**

**Judge Thomas Howe, County Attorney**
**Thomas J. Harbinson, Assistant County Attorney**
**Neil Nelson, and Attorney Robert Nicklaus,**

**Defendants.**

---

Plaintiff is pro se

Susan K. Mc Nellis, Esq., on behalf of Defendants Thomas J. Harbinson and Neil Nelson.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Defendants Harbinson and Howe's Motion to Dismiss, and Plaintiff's Motion to Stay Proceeding Until 4/1/03. These motion have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, this Court recommends that Defendants' Motion to Dismiss be granted, and Plaintiff's Motion to Stay Proceedings Until 4/1/03 be denied.

## I. DEFENDANTS' MOTION TO DISMISS.

### A. Factual Background.

In 1998, Plaintiff pleaded guilty to a felony charge of indecent exposure in Scott County

SEP 03 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

District Court. (Complaint.) Under an enhancement provision, Plaintiff's crime qualified as a felony, because he was believed to have a previous indecent exposure charge involving a minor under the age of 16. Id. Plaintiff's criminal history score at the time was also calculated based on a prior Colorado conviction for theft. Id. During the proceedings leading up to the plea, Plaintiff informed his own attorney, Defendant Nicklaus, that he was not guilty of these other charges, and that the enhancement and criminal history calculations were incorrect. Id. Plaintiff continued to protest while in prison. Id. Shortly after being sent to prison, the Minnesota State Public Defender received correspondence from the State Department of Corrections, indicating there were problems with the prior convictions, and that Plaintiff should instead have been convicted of a gross misdemeanor. Id. Plaintiff took this information, and after researching the subject in the prison library, determined that he should in fact only have been convicted of a gross misdemeanor. Id. Subsequently, in January 1999, Plaintiff informed Nicklaus of these facts and asked him to schedule a hearing to fix the error. Id. Eight months later, a hearing was held. Id. At this point, Defendant had served 14 months in prison. Id.

On September 27, 1999, the Honorable Thomas R. Howe, District Judge for Scott County made the following findings:

> 1. That the defendant's motion for post-conviction relief is granted.
>
> 2. That the state has failed to prove a conviction in the state of Wisconsin for indecent exposure in Portage, Wisconsin, and therefore there is no proof that the defendant had any prior conviction to enhance the current Scott County charge to that of a felony level charge.
>
> 3. That the defendant's previous conviction for theft in the state of Colorado was for a gross misdemeanor,

> since the amount in controversy was $302, less than the $500 level for a felony offense of theft in the state of Minnesota, so the criminal history point counted against the defendant in the previous sentencing is invalid.

(Ronald R. Ernst Case Brief; September 27, 1999 Order for Resentencing.)

Accordingly, Judge Howe ordered that the earlier plea be treated as a gross misdemeanor conviction, and converted the sentence to 365 days in Scott County Jail with credit for all time previously served. Id.

**B. Procedural Background.**

On September 26, 2001, Plaintiff filed the Complaint, alleging civil rights violations under 42 U.S.C. § 1983. On December 19, 2001, Defendants Harbinson and Nelson filed their motion to dismiss. Plaintiff filed no response to this motion. On July 12, 2002, the Court issued a Notice of Pretrial Conference instructing the parties to meet in person on or before August 6, 2002, and in the event the case did not settle, to jointly file a Rule 26(f) report by August 16, 2002. On August 12, 2002, Plaintiff filed a motion for stay. In his motion, Plaintiff explained that he had since been convicted of failing to register as a predatory offender. Plaintiff explained that his current incarceration is directly related to the erroneous status of his prior conviction. Consequently, he requested that the Court stay the current proceedings until April 1, 2003.

**C. Discussion.**

**1. Procedural Standard.**

In considering a Rule 12(b)(6) motion to dismiss, the Court assumes all facts alleged in the complaint as true. Hishon v. 799 King & Spalding, 467 U.S. 69, 73 (1984). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Hafley v.

Lohman, 90 F.3d 264, 266 (8th Cir. 1996). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). "Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

**a.) Proceeding without oral argument.**

The United States District Court for the District of Minnesota Local Rules make the following relevant provisions for dispositive motions: "[g]enerally, if any party requests oral argument it will be granted. . . . However, absent a request for oral argument, the matter will be decided on the papers pursuant to Fed. R. Civ. P. 78, unless the Court directs otherwise." D. Minn. LR 7.1(b)(2)(E). Federal Rule of Civil Procedure 78 provides that "[t]o expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."

The Eighth Circuit has addressed the issue of whether oral argument is necessary when deciding summary judgment motions. It has explained that "we have on at least three prior occasions upheld local district court rules which provided that oral argument on summary judgment motions could be deemed waived unless affirmatively requested as provided by the local rule." Jetton v. McDonnell Douglas Corp., 121 F.3d 423, 427 (8th Cir. 1997) (citations omitted). The Eighth Circuit has further clarified this issue by stating,

> Although the district court decided the case without conducting a hearing on the merits, we conclude the district court did not violate the Due Process Clause. When a deprivation of property is based on undisputed facts or issues, the Due Process Clause does not require any procedure. 2 Ronald D. Rotunda & John E. Nowak,

> *Treatise on Constitutional Law* § 17.8, at 645 (2d ed. 1992). Thus, when there is no material factual dispute, there is no hearing requirement. *See Codd v. Velger*, 429 U.S. 624, 627, 97 S.Ct. 882, 883, 51 L.Ed.2d 92 (1977) (per curiam).

Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 448-49 (8th Cir. 1992)

Defendants did not request oral argument on their motion, and Plaintiff has filed no response at all. Consequently, the Court will issue its Report and Recommendation based on the papers.

**2. Immunity Standard.**

In Imbler v. Pachtman, 424 U.S. 409 (1976), the United States Supreme Court addressed the issue of prosecutorial immunity in the context of § 1983 actions. The Court stated the following:

> We conclude that the considerations outlined above dictate the same absolute immunity under § 1983 that the prosecutor enjoys at common law. To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest. It would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system.

Id. at 427-28.

Since then, the United States Supreme Court has clarified that "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler 424 U.S. at 430-31).

**3. The Court's Recommendation.**

Defendants correctly argue that they enjoy absolute immunity from civil liability to Plaintiff, because they were acting within the scope of their duties by filing and maintaining charges. The above precedent is clear. The United States Supreme Court has repeatedly ruled that prosecutors' absolute immunity under common law should also apply in § 1983 suits. And in the present case, Defendants were clearly acting within the scope of their prosecutorial duties. Therefore, Plaintiff fails to state a claim upon which relief may be granted, and dismissal is proper.

In addition, the Court finds no justification for staying the present suit. Defendants filed their motion to dismiss on December 19, 2001. Plaintiff filed no response to this motion, and only brought his motion to stay on August 12, 2002. During this almost eight-month period, Plaintiff had a full opportunity to submit a brief in response to Defendants' motion to dismiss. Plaintiff, however, chose not to do so. Therefore, the Court recommends denying Plaintiff's motion to stay.

As a final note, Plaintiff states in his motion to stay proceedings, that his current incarceration is directly related to the erroneous status of his prior conviction. If this is indeed true, Plaintiff would properly seek remedy through application for habeas corpus relief, rather than § 1983.

Based upon the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

(1) Defendants' Motion to Dismiss (Doc. No. 4) be **GRANTED**;

(2) Plaintiff's Motion to Stay Proceeding Until 4/1/03 be **DENIED**.

Dated: September 3, 2002.

SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by September 17, 2002, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.