UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1765(DSD/SRN)

Ronald R. Ernst,

Plaintiff,

v.

**ORDER**

Judge Thomas Howe, County Attorney Thomas J. Harbinson, Assistant County Attorney Neil Nelso, and Attorney Robert Nicklaus,

Defendants.

This matter is before the court upon plaintiff Ronald Ernst's motion "to reverse the magistrates [sic] motion to dismiss, and the order to dismiss by Judge David S. Doty" pursuant to Rule 59 [Docket No. 15] and upon plaintiff's motion "for the court to reverse it's [sic] earlier order of dismissal" pursuant to Rule 60 [Docket No. 16]. After a review of the file, record and proceedings herein, and for the reasons stated, the court denies both motions.

**I. Motion "to reverse the magistrates [sic] motion to dismiss, and the order to dismiss by Judge David S. Doty" pursuant to Rule 59 [Docket No. 15]**

Plaintiff's motion "to reverse the magistrates [sic] motion to dismiss, and the order to dismiss by Judge David S. Doty" pursuant to Rule 59 [Docket No. 15] appears to be a motion to reconsider the court's order dated September 19, 2002. See, e.g., Bannister v. Delo, 100 F.3d 610, 621 (8th Cir. 1996)("a motion under Rule 59(e)

FILED APR 16 2003
Richard D. Sletten, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

is a motion for reconsideration."). Pursuant to Local Rule 7.1(g), motions to reconsider are prohibited except by express permission of the court, which will be granted only upon a showing of "compelling circumstances." Local Rule 7.1(g). The court notes that plaintiff has not requested permission to file a motion to reconsider. However, because plaintiff is a prisoner acting pro se, the court construes the motion as a request for permission to file a motion to reconsider. After reviewing the file and the record, the court concludes that no compelling circumstances exist that would justify reconsideration of this matter. See Local Rule 7.1(g). The court therefore denies plaintiff's Rule 59 motion.

**II. Motion "for the court to reverse it's [sic] earlier order of dismissal" pursuant to Rule 60 [Docket No. 16].**

Plaintiff also moves for the court vacate its September 19, 2002, pursuant to Rule 60(b) because of newly discovered evidence. Rule 60(b) provides that "[o]n a motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding," because of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Rule 60(b) "'provides for extraordinary relief which may be granted only upon a showing of exceptional circumstances.'" Sanders v. Clemco Indus., 862 F.2d

161, 169 n. 14 (8th Cir. 1988)(quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)). Where a Rule 60(b) motion is premised on newly discovered evidence, the movant must show that:

> (1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result.

Murray v. Solidarity of Labor Organiz. Int'l Union Benefit, 172 F. Supp. 2d 1155, 1163 (N.D. Iowa 2001)(quoting Schweiger v. Farm Bureau Ins. Co. of Nebraska, 207 F.3d 480, 487 (8th Cir. 2000)). In this case, plaintiff has not met his burden under Rule 60(b). The court therefore denies his Rule 60 motion.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion "to reverse the magistrates [sic] motion to dismiss, and the order to dismiss by Judge David S. Doty" [Docket No. 15] is denied.

2. Plaintiff's motion "for the court to reverse it's [sic] earlier order of dismissal" [Docket No. 16] is denied.

Dated: April 16, 2003

David S. Doty, Judge
United States District Court