UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1765(DSD/SRN)

Ronald R. Ernst,

Plaintiff,

v.

**ORDER**

Judge Thomas Howe, Nelson Neil, and Robert Nicklaus,

Defendants.

Ronald R. Ernst, #23241, N.D.S.P., P.O. Box 5521, Bismarck, ND 58506, pro se.

Susan Kay McNellis, Esq., Scott County Attorney, Government Center JC340, 200 Fourth Avenue West, Shakopee, MN 55379-1380, counsel for defendants.

This matter is before the court on plaintiff's application to proceed in forma pauperis ("IFP") on appeal. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants plaintiff's motion.

To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the

FILED NOV 1 8 2003
Richard D. Sletten, CLERK
Judgment Ent'd. ____
Deputy Clerk's Initials ____

appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis in either law or in fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989).

Based upon the information reported in plaintiff's IFP application, the court is satisfied that he is financially eligible for IFP status. Furthermore, while the court does not believe that plaintiff has any meritorious grounds for an appeal, the court is not prepared to say that his appeal is "frivolous," as that term has been defined by the Supreme Court. Therefore, plaintiff's appeal is found to be taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application is granted.

Because plaintiff is a prisoner, however, the filing fee for his appeal cannot be waived altogether. 28 U.S.C. § 1915(b); Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997). An order granting IFP status to a prisoner-appellant merely permits him to pay the filing fee for his appeal in installments rather than all in advance. A prisoner is required to pay an initial partial filing fee upon the commencement of an action or appeal, and he is required to pay the

remaining balance of such fee through periodic deductions from his prison trust account. 28 U.S.C. § 1915(b)(1) & (2).

The appropriate initial partial filing fee is an amount equal to 20 percent of the greater of the average monthly deposits to the prisoner's trust account or the average monthly balance in the account for the preceding six month period. 28 U.S.C. § 1915(b)(1). An official at the prison where plaintiff is incarcerated has certified that, immediately preceding the filing of plaintiff's notice of appeal, the average monthly deposits to plaintiff's account was $84.87 and that the average monthly balance in the account was $10.13. (Application to Proceed Without Prepayment of Fees and Aff. at 2.) Taking the greater of these two figures, the court calculates that plaintiff shall be required to pay an initial partial filing fee of $16.97.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis on appeal [Docket No. 20] is granted.

2. Plaintiff is assessed an initial partial filing fee of $16.97. Plaintiff is ordered to pay the initial partial filing fee immediately or, if the balance in his account is insufficient, when funds exist.

3. Plaintiff shall make monthly payments equal to 20 percent of the preceding month's income credited to his account until the balance of $105 filing fee is paid. The agency having custody of

plaintiff shall forward such payments to the Clerk of the United States District Court for the District of Minnesota each time the balance in plaintiff's account exceeds $10.

November 17, 2003.

David S. Doty, Judge
United States District Court