UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1765(DSD/SRN)

Ronald R. Ernst,

Plaintiff,

v. **ORDER**

Thomas Howe, Judge, Thomas J. Harbinson, District Attorney, Nelson Neil, Assistant District Attorney and Robert Nicklaus, Attorney,

Defendants.

This matter is before the court at its own initiative. On January 4, 2005, the court advised plaintiff that this action would be dismissed if within 30 days he did not provide proof to the Clerk of Court that he had properly served defendants Howe and Nicklaus with the summons and complaint. Because plaintiff has failed to provide such proof, the action is dismissed without prejudice.

Rule 4(e) of the Federal Rules of Civil Procedure provides that:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> > (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action

> brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The docket reveals that plaintiff has purported to serve defendants Howe and Nicklaus in Minnesota through the use of certified United States mail.[1] Such service does not satisfy Rule 4(e)(2). Therefore the court must determine whether such service is permitted in Minnesota courts of general jurisdiction and, if so, whether plaintiff has complied with state law.

Rule 4.05 of the Minnesota Rules of Civil Procedure provides that:

> In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender. If acknowledgment of service under this rule is not received by the sender within

[1] The court notes that plaintiff has not requested appointment of a process server. Moreover, the court has no independent obligation to appoint a process server. See Fed. R. Civ. P. 4(c)(2). Although plaintiff was allowed to proceed in forma pauperis ("IFP") on appeal, he paid his district court filing fee in full and has not requested IFP status in the district court.

> the time defendant is required by these rules to serve an answer, service shall be ineffectual.

Minn. R. Civ. P. 4.05. Therefore, service by mail under Minnesota law is not perfected until the defendant acknowledges receipt of the summons and complaint. See id. Plaintiff has represented to the court that defendants Howe and Nicklaus "never did reply" to his mailings.[2] Accordingly, plaintiff has failed to comply with the court's direction that he effect proper service within thirty days of its previous order.

Accordingly, **IT IS HEREBY ORDERED** that this action be dismissed without prejudice for plaintiff's failure to comply with the court's order of January 4, 2005.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 7, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court

[2] The court notes that plaintiff's purported proofs of service also fail to comply with Rule 4. See Fed. R. Civ. P. 4(l) (requiring proof of service to be made by affidavit).